UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00200-MR

| | |
|---|---|
| SAVANAH PAULINE JUSTICE, ) )  | |
| Petitioner, ) ) | |
| vs. ) ) | ORDER |
| FNU LOVITT, ) ) | |
| Respondent. ) ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Pro Se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241. [Doc. 1].

## I.  BACKGROUND

Pro se Petitioner Savanah Pauline Justice ("Petitioner") is a federal prisoner currently incarcerated at Hazelton US Penitentiary ("Hazelton") in Bruceton Mills, West Virginia.  On August 6, 2020, she was sentenced by this Court to a term of imprisonment of 100 months on drug charges. [Criminal Case No. 1:19-cr-00104-MR-WCM ("CR"), Doc. 79: Judgment]. On August 30, 2022,[1] she filed the instant pro se petition for writ of habeas

---

[1] Although it was not received by the Court until September 12, 2022, Petitioner dated the petition August 26, 2022, a Friday, and it was postmarked August 30, 2022, the following

corpus under 28 U.S.C. § 2241 against Petitioner FNU Lovitt, identified as the Warden, presumably of Hazelton.[2] [Doc. 1]. As grounds for the instant petition, Petitioner alleges that she suffered "[i]nhumane treatment while in Federal holding due to COVID lockdown measures." She claims, "there was no proper sanitations or CDC protocols being followed by the facility" and that she "was locked in 24/7" while detained at the "McDowell County Enforcement Center" for 13 months, with only periodic showers and "prohibited and limited" communications. [Id. at 6]. For relief, Petitioner seeks a "sentence modification of 13 months" for the hardship she has experienced. She states she is a model inmate and that "the COVID situation was not [her] fault, but [she] had to suffer [because] of it." [Id. at 7].

Petitioner acknowledges that she recently sought "time (hardship) credit for the extreme lockdown circumstances during COVID" in the Northern District of West Virginia. [Id. at 2 (citing Civil Case No. 3:22-CV-80 (N.D.W. Va.))]. In that action, which Petitioner brought pursuant to 28 U.S.C. § 2241, the Court found that Petitioner was "clearly … seeking enhanced credit for time served" under Section 12003 of the Coronavirus Aid, Relief,

---

Tuesday. [Doc. 1 at 8, Doc. 1-1]. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule).

[2] After the Clerk directed Petitioner to either file an application to proceed in forma pauperis or pay the filing fee, Petitioner paid the filing fee. [Doc. 2; see 9/27/2022 Docket Entry].

2

and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that the Court did not have the power to grant relief thereunder. [Case No. 3:22-CV-80, Doc. 7 at 2]. The Court also held, alternatively, to the extent Petitioner sought compassionate release under 18 U.S.C. § 3582(c)(1)(A), Petitioner's motion must be brought in the sentencing court in Petitioner's criminal case. [Id., id. at 2-3]. Finally, the Court noted that, to the extent Petitioner is seeking relief for her conditions of confinement, such claims are not cognizable under 28 U.S.C. § 2241. [Id., id. at 3-4].

## II. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the habeas petition can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The "essence of habeas corpus" is "an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is

3

to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827 (1973). In other words, the function of a habeas petition is to challenge "the very fact or duration of [the petitioner's] physical imprisonment, and the relief that [the petitioner] seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment…." Id. at 500, 93 S.Ct. 1827. Thus, a § 2241 petition is appropriate where the prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. Feather-Gorbey v. Warden, FCI Beckley, No. 5:21-00367, 2021 WL 5412294, at *2 (S.D.W. Va. Oct. 21, 2021) (citing Preiser, 411 U.S. at 499-500; Alaj v. Smith, 108 Fed. App'x 743, 744 (4th Cir. 2004)). Moreover, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255," not through a petition filed pursuant to § 2241. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)).

The Eight Amendment, on the other hand, prohibits the infliction of cruel and unusual punishment and "applies to claims by prisoners against corrections officials challenging conditions of confinement." Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019) (citation omitted). Claims against federal actors for constitutional violations are brought under Bivens v. Six Unknown

Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983.

The fact that a petitioner "seek[s] release from custody cannot transform [her] claim[ ] into a cognizable habeas corpus action." Hallinan v. Scarantino, 466 F.Supp.3d 587, 602 (E.D.N.C. June 11, 2020). "It is the nature of the substantive legal claim itself and the pertinent factual allegations – in addition to the relief sought – that determines whether the claim challenges 'the validity of confinement' and thus sounds in habeas corpus." Id. (citing Hill v. McDonough, 547 U.S. 573, 579-81, 126 S.Ct. 2096 (2006)).

Here, Petitioner seeks a sentence reduction of 13 months for having been subjected to extreme lockdown conditions, including only periodic showers and limited outside communication, while in federal custody due to the COVID-19 pandemic. She also complains that proper sanitation and CDC protocols were not followed at the correctional facility. Thus, although Petitioner seeks a reduction in her sentence, Petitioner's claim implicates the conditions – not the legality – of her confinement.

As such, Petitioner's challenge to her conditions of confinement, that is, COVID-related lockdown conditions, lies under Bivens, if at all, not under § 2241. See Sappleton v. Hogsten, No. 1:11-00552, 2014 WL 2565547, at

*2 (S.D.W. Va. June 6, 2014) (construing petition filed under § 2241 as a Bivens action where federal prisoner argues that his custody classification is improperly calculated based on inaccurate information contained in this presentence report). If Petitioner wishes to pursue a Bivens action, however, she must comply with the Prison Litigation Reform Act ("PLRA"). "The PLRA applies to all prisoner civil actions challenging conditions of confinement, and imposes strict requirements regarding filing fees, administrative exhaustion, and carefully crafted restrictions on injunctive relief." Hallinan, 466 F.Supp.3d at 603. The Court, therefore, declines to construe Petitioner's petition as a Bivens Complaint.

To the extent Petitioner seeks relief under the CARES Act, as previously noted by the Northern District of West Virginia, this Court lacks authority to grant relief thereunder. United States v. Rucker, 853 Fed. App'x 893 (4th 2021); United States v. Harless, 849 Fed. App'x 419 (4th Cir. 2021). Finally, to the extent Petitioner seeks relief under 18 U.S.C. § 3582(c)(1)(A), Petitioner must file such motion in her underlying criminal proceeding.

Because § 2241 is not the proper mechanism here, the Court will dismiss Petitioner's petition without prejudice to Petitioner properly advancing her claim according to the guidance above, if at all.

6

Case 1:22-cv-00200-MR   Document 3   Filed 10/31/22   Page 6 of 7

## IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2241 petition is denied and dismissed without prejudice in accordance with the terms of this Order.

## ORDER

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under § 2241 [Doc. 1] is **DENIED** and **DISMISSED without prejudice**.

The Clerk is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: October 30, 2022

Martin Reidinger
Chief United States District Judge